UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MICHELLE RADUANO, Individually, )
and in her capacity as a Beneficiary of )
the Estate of Elaine Raduano; and )
WILLIAM J. FLYNN, in his capacity )
as Trustee of the Elaine Raduano )
Revocable Trust – 2018, )
    Plaintiffs, )
)   C.A. No. 23-101-JJM-PAS
)
v. )
)
MAR-CIA TESTA, Individually, and in )
her capacity as Executrix of the Estate )
of Elaine Raduano, )
    Defendant. )
)

## ORDER

Before the Court is Defendant Mar-cia Testa's Motion to Dismiss Plaintiffs Michelle Raduano and Michael Flynn's complaint arising out of a dispute over their mother Elaine Raduano's Estate. ECF No. 7. After reviewing the parties' arguments, the Court agrees with Ms. Testa and GRANTS her motion.

## I.   BACKGROUND

This dispute revolves around the distribution of a Fidelity brokerage account ("Fidelity Account") that Mar-cia Testa and her mother Elaine Raduano opened as co-tenants with rights of survivorship. Elaine subsequently willed the Fidelity Account to her Estate of which her other daughter, Michelle Raduano, is also a beneficiary, and William J. Flynn is the Trustee. ECF No. 1. After Elaine's death, Ms. Testa took over the Fidelity Account via survivorship, and the account was not

inventoried as an estate asset. *Id.* Believing that Ms. Testa's right of survivorship was obtained fraudulently and that the Fidelity Account should have been treated as an Estate asset, Michelle Raduano and William J. Flynn ("Plaintiffs") filed this lawsuit, alleging a litany of common law tort claims against Ms. Testa. *Id.* Ms. Testa has moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Plaintiffs' complaint fails to state a claim. ECF No. 7.

## II.   STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a plaintiff must present facts, along with all reasonable inferences that flow from it, which the Court accepts as true, that make her claim plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III.   DISCUSSION

Ms. Testa moves to dismiss the complaint on three grounds: that Plaintiffs have a statutory remedy under Rhode Island's Probate Code that they failed to exhaust before bringing the freestanding common law tort claims in this complaint; Plaintiffs lack standing; and that several of their claims are not ripe for adjudication.

Plaintiffs do not allege that they sought to remedy the dispute here through the statutory scheme. The United States Court of Appeals for the First Circuit in *Umsted v. Umsted* held that Rhode Island "is not inclined to extend common law remedies into areas covered by statutory law" so long as existing statutes provide an "adequate remedy." 446 F.3d 17, 21 (1st Cir. 2006) (citing *Root v. Providence Water Supply Bd.*, 850 A.2d 94, 102-03 (R.I. 2004)).

The disposition of a deceased's estate is an area that the Rhode Island Legislature has covered with a "comprehensive [statutory] scheme." *See Lind v. McSoley*, 419 A.2d 247, 249 (R.I. 1980). Specifically, Rhode Island General Laws § 33-18-17 states that

> If an administrator, executor, or guardian shall be requested by any person legally interested in the estate of a deceased person . . . to **commence an action or proceeding to recover any property, personal or real, which the legally interested person may have reason to believe should be recovered for the benefit of the estate**, and if the administrator, executor, or guardian shall, for fifteen (15) days after written notice so to do, . . . refuse, neglect or for any reason be incompetent, to commence the action or proceeding, **the legally interested person may institute proceedings in the name of the estate of the deceased person, . . . in the same manner and to the same extent as the administrator, executor, or guardian may do in the case of personal property**, and in the case of real estate in the same manner as a guardian, devisee, or heir at law may do, to recover the property.

(emphasis added). This statute applies to Plaintiffs as they are the beneficiary of the Estate of Elaine Raduano and Trustee of the Elaine Raduano Revocable Trust and thus are "legally interested person[s]" attempting to recover property which "[the Plaintiffs] believe should be recovered for the benefit of the estate." *Id.*; *see Henry v. Sheffield*, 856 F. Supp. 2d 345, 350 (D.R.I. 2012) (finding beneficiaries of an estate had standing to bring an action for "what they perceive to be the benefit of the estate and their interest in it") (internal quotations omitted). Thus, Plaintiffs may bring a § 33-18-17 claim "in the name of" Elaine Raduano's Estate. R.I. Gen. Laws § 33-18-17. This case is analogous to *Umsted*, where the First Circuit dismissed a common law claim alleging improper conveyance of alleged estate assets because the plaintiffs had failed to file under § 33-18-17. 446 F.3d 17. Plaintiffs' objection does not attempt

to distinguish this case from *Umsted* or address their failure to pursue a statutory remedy. ECF No. 10-1.

All of Plaintiffs' claims are based on the premise that the Fidelity Account should be recovered from Ms. Testa's possession for the benefit of the Estate. ECF No. 1. In light of the plain language of the statute, the Court finds that the statute applies here and is the avenue Plaintiffs must first take for contesting the ownership of the Fidelity Account, obviating and displacing the need for common law claims. Because all claims are predicated on a claim that the Fidelity Account is the property of the Estate of Elaine Raduano this Court cannot consider them until Plaintiffs have exhausted their statutory remedies for determining ownership.

While Plaintiffs are correct that a local Probate Court may be unable to provide an adequate remedy due to its limited jurisdiction, Plaintiffs may pursue § 33-18-17's statutory remedy in any court of competent jurisdiction.[1] *See Umsted*, 446 F.3d at 24 ("that the probate court cannot effectuate this remedy is of little consequence . . . . [n]othing in § 33-18-17 limits the forum within which a legally interested person may bring an action to recover real or personal property"). Courts of competent jurisdiction have the authority to grant the remedies sought by Plaintiffs, including

---

[1] Plaintiffs correctly note that federal jurisdiction is proper, and the "probate exception" does not apply. The First Circuit Court of Appeals has held that the "probate exception" bars federal jurisdiction over "[1] the probate or annulment of a will [] [2] the administration of a decedent's estate; [][and] [3] precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Glassie v. Doucette*, 55 F.4th 58, 65 (1st Cir. 2022) (quoting *Markham v. Allen*, 326 U.S. 490, 311-312 (1946)). But the exception "does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Id.*

4

equitable relief, compensatory damages, punitive damages, or attorney's fees. ECF No. 10-1.

Because the Court finds that Plaintiffs failed to pursue their statutory remedies before filing common law claims, it need not address Defendant's other arguments.

## IV.  CONCLUSION

The Court GRANTS without prejudice Defendants' Motion to Dismiss for failure to state a claim. ECF No. 7. In light of this disposition, Plaintiffs' Motion for a Preliminary Injunction is DENIED AS MOOT. ECF No. 11.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

July 24, 2023

5