UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WILLIAM J. FLYNN, as Trustee of the Elaine M. Raduano Revocable Trust - 2018, ex. rel. THE ESTATE OF ELAINE M. RADUANO,<br>        Plaintiff,<br><br>    v.<br><br>MAR-CIA TESTA, individually and in her capacity as Executrix of the Estate of Elaine M. Raduano,<br>        Defendant. | C.A. No. 23-101-JJM-PAS |

ORDER

The question before the Court is whether the sole beneficiary of a trust, which is the residual beneficiary of a will, is a necessary party to this dispute about whether an investment account should be included in the estate inventory.  Before the Court is Defendant Mar-cia Testa's Motion to Dismiss under Rule 12(b)(7), arguing that Michelle Raduano, the beneficiary of the Trust, is an indispensable party such that the case should be dismissed under Rule 19 of the Federal Rules of Civil Procedure for failure to join a required party.  ECF No. 35.

## I.    FACTS

Michelle Raduano ("Michelle") and Mar-cia Testa ("Mar-cia") are sisters, and the surviving children of the late Elaine Raduano ("Mrs. Raduano").  Mrs. Raduano owned assets in a Morgan Stanley Account that were transferred in 2017 to a joint brokerage account with "rights of survivorship" at Fidelity Brokerage Services

("Fidelity Account") in the name of Mrs. Raduano and her daughter Mar-cia.  No cash, securities, bonds, and other assets belonging to Mar-cia were used to open and/or fund the Fidelity Account.  It is alleged that Mrs. Raduano's signatures on the Fidelity Account opening documents and the box checking "right of survivorship" were not made by Mrs. Raduano.

On November 20, 2018, Mrs. Raduano executed her Last Will and Testament, which included a provision on jointly held accounts.  It stated:

> IV. JOINT ACCOUNTS.  Any bank account or security in my name together with that of another person and in which solely my funds have been deposited was established for convenience only and shall be added to the residue of my estate.

The year after executing her will, Mrs. Raduano directed her attorney to prepare, and she then executed, the Elaine Raduano Revocable Trust - 2018 ("Trust").  At Paragraph IV of the Trust, entitled "AT MY DEATH," Mrs. Raduano confirmed that "my daughter, Mar-cia Testa" was the "co-owner [of] my principal brokerage account for convenience purposes only and not with the intent that she inherit the entire proceeds thereof."  The  Trust confirmed the intention in Mrs. Raduano's will that the Fidelity Account was intended to be captured into the residue of her estate.

Mrs. Raduano passed away in 2020.  In accordance with her will, the Portsmouth Probate Court appointed Mar-cia as the Executrix of the Estate, and the will was admitted to probate without objection.  Mar-cia filed with the Probate Court a "Universal Inventory" that valued her entire mother's estate at $21,975.  The inventory makes no reference to the Fidelity Account.  Neither the Fidelity Account

2

nor the cash and/or assets used to fund that account are a part of the res of the Estate subject to the Probate Court's jurisdiction.

William J. Flynn, in his capacity as Trustee, filed this complaint, alleging that Mrs. Raduano's testamentary intention was to leave an estate with essentially three major assets: an apartment building in Cambridge, Massachusetts, a home on Indian Avenue in Portsmouth, Rhode Island, and the Fidelity Account. It was Elaine's intention to distribute her assets upon her own death as follows: Mar-cia, who lived in Massachusetts and was, with her husband, in the real estate business, would inherit the Cambridge apartment building. Michelle, who lived at the Indian Avenue residence with her mother, would inherit that home and the Fidelity Account. Mr. Flynn alleges that the plain language in Mrs. Raduano's will is that the joint account was to be part of the residue of her Estate, and that, in violation her fiduciary duties as Executrix, Mar-cia has claimed ownership of the Fidelity Account, personally and exclusively.

In his Amended Complaint, Mr. Flynn, in his capacity as Trustee, "seeks to void the account opening documents, recover the Fidelity Account for the Estate, and have those funds pass through the Estate to the Trust, and to Michelle as the Trust's sole beneficiary." ECF No. 35-1 at 3.[1] Mar-cia moves to dismiss the Trustee's

---

[1] Mar-cia previously moved to dismiss the case, ECF No. 7, which the Court granted without prejudice. ECF No. 15. Mr. Flynn moved to reopen the case, ECF No. 18, and to amend his complaint, ECF No. 19, and the Court granted both motions. ECF No. 29.

Amended Complaint under Rule 12(b)(7) alleging that it should be dismissed for failure to join Michelle as a beneficiary of the Estate of Elaine Raduano.  ECF No. 35.

## II.    STANDARD OF REVIEW

To survive a motion to dismiss for failure to join a required party, the complaint must demonstrate that "a lawsuit is proceeding without particular parties whose interests are central to the suit." *Picciotto v. Cont'l Cas. Co.*, 512 F.3d 9, 15 (1st Cir. 2008).  This requires the Court to decide "whether considerations of efficiency and fairness, growing out of the particular circumstances of the case, require that a particular person be joined as a party." *Pujol v. Shearson/Am. Express, Inc.*, 877 F.2d 132, 134 (1st Cir. 1989).  The Court accepts Mr. Flynn's complaint allegations as true and views them in the light most favorable to him.  *Gargano v. Liberty Int'l Underwriters, Inc.*, 572 F.3d 45, 48 (1st Cir. 2009).

To determine whether a party should be joined, the Court must first determine whether the party is a "necessary" party. *Pujol*, 877 F.2d at 134.  A person qualifies as necessary if complete relief cannot be granted in the party's absence, or if the person is "so situated" that disposing of the action without the party may "impair or impede the person's ability to protect that interest" or create a "substantial risk" of incurring inconsistent obligations.  Fed. R. Civ. P. 19(a)(1).

## III.    DISCUSSION

Mar-cia bases her motion on Rule 19, which focuses on joining parties who are necessary to the action.  Mr. Flynn addresses these arguments in opposition, but he also raises Federal Rule of Civil Procedure 17 in arguing against dismissal.  Rule 17

4

determines who may be a party and what governs their capacity to sue. He asserts that Rule 17 allows him to bring this case as a Trustee without the ultimate beneficiary – in this case, Michelle – as a named plaintiff. The Court will start its discussion here.

### A.   Rule 17

"[A]ll civil actions must be 'prosecuted in the name of the real party in interest.'" *Sawyer Bros., Inc. v. Island Transporter, LLC*, 887 F.3d 23, 34 (1st Cir. 2018) (quoting Fed. R. Civ. P. 17(a)). An exception to this general requirement applies to the trustee of an express trust. Rule 17 gives a trustee of an express trust the right to "sue in their own names without joining the person for whose benefit the action is brought." Fed. R. Civ. P. 17(a)(1)(E). Because Mr. Flynn is acting in his capacity as a Trustee of the Estate, he asserts that Rule 17 allows him to bring this suit on behalf of the Estate without Michelle.

The Court agrees.[2] Mr. Flynn's role as Trustee permits him to bring this suit under the exception stated in Rule 17. Moreover, a purpose of Rule 17(a) is to "protect a defendant from facing a subsequent similar action brought by one not a party to the present proceeding and to ensure that any action taken to judgment will have its

---

[2] State law also supports Mr. Flynn's argument. Under Rhode Island law, a "legally interested party" may start an action on behalf of an Estate to recover if the executor fails to act. R.I. Gen. Laws § 33-18-17. The legally interested person can recover any property which they may believe "should be recovered for the benefit of the estate." *Id.* Mr. Flynn is a legally interested party because he has a legally protected interest in the residue of the Estate. *See id.* Since the portion of the Fidelity Account that Michelle would receive is contingent on it first passing through the Estate, Michelle's interest is contingent and thus not a legally protected interest. *United States v. San Juan Bay Marina*, 239 F.3d 400, 406 (1st Cir. 2001).

proper effect as res judicata." *Prevor-Mayorsohn Caribbean, Inc., v. P.R. Marine Mgmt., Inc.*, 620 F.2d 1, 4 (1st Cir. 1980). The risk of incurring inconsistent obligations does not apply here because Mr. Flynn, as Trustee, acts on behalf of the Estate as an agent for its beneficiaries and "principals are bound by judgments entered in actions properly litigated by their agents on their behalf." *Id.*

Mar-cia attempts to distinguish Rule 17 to show that it does not apply in this case. She cites *Markham v. Fay* as precedent that, where disputes exist between beneficiaries or creditors, the trust's beneficiaries should be involved in the litigation unless the trustee can fully protect the beneficiary's interest without conflict. 74 F.3d 1347, 1355 (1st Cir. 1996). But here, there is no dispute among beneficiaries or creditors. In fact, there is only one beneficiary, so it is hard to conceive how she could conflict with herself.[3] The Court has consistently found that Mr. Flynn is fulfilling his fiduciary duty to the Trust to recover its assets and has acted in the best interest of the Trust. The Court also notes that Michelle, like the beneficiary in *Markham*, can intervene at any time, but has not opted to so far. *Id.* Thus, the Court finds that Mr. Flynn is a proper plaintiff here under Rule 17.

### B.    Rule 19

Relying on Rule 19, Mar-cia argues that Michelle is an indispensable party to this case because she is the sole beneficiary of the Trust which will receive the Fidelity Account and that Mr. Flynn cannot accurately represent Michelle's interests here.

---

[3] Mar-cia asserts that Michelle merely does not want to pursue this lawsuit against her sister.

Rule 19(a) requires a person to be joined when either the Court cannot grant complete relief in the party's absence, or if disposing of the action without that person will impede their ability to protect that interest or create inconsistent obligations for the Court. Fed. R. Civ. P. 19; *San Juan Bay Marina*, 239 F.3d at 406 ("a party is necessary under Rule 19(a) only if they claim a 'legally protected interest' relating to the subject matter of the action.").

This dispute is between the Estate and a beneficiary of the Estate, the Trust. Mr. Flynn seeks to recover the funds to distribute them accordingly, not to change Michelle's relationship with the Trust or alter the Trust itself. *See Carey v. Brown*, 92 U.S. 171, 172 (1875). Mr. Flynn's role as Trustee allows him to bring suit on behalf of the Trust to recover money, without affecting any relations with the "cestuis que trust." *Id.*; *see* Restatement (Third) of Trusts § 107 (A.L.I. 2012) (a trustee may "maintain a proceeding against a third party on behalf of the trust and its beneficiaries" and "the trustee is normally the appropriate person to bring (and decide whether to bring) an action against a third party on behalf of the trust."). For the funds to reach Michelle, the Trustee must ensure that they first pass through the estate. Whether those funds flow to Michelle is incidental to that goal. *See Prevor-Mayorsohn Caribbean, Inc.*, 620 F.2d at 4.

Furthermore, complete relief can be granted in Michelle's absence because disposing of this action without Michelle present will neither impede her ability to protect her interest nor will it create inconsistent obligations for the Court. Michelle

7

is not the party with a legally protected interest; as the Trustee, Mr. Flynn is.[4]  R.I. Gen. Laws § 33-18-17.  And Michelle will be bound to the outcome of this lawsuit because Mr. Flynn is acting in his capacity as Trustee.  *Id.*  Thus, the Court finds that Michelle is not a necessary party to protect the Trust's interest.

## IV.    CONCLUSION

For these reasons, the Court DENIES Mar-cia's Motion to Dismiss.  ECF No. 35.


IT IS SO ORDERED.

*s/John J. McConnell, Jr.*

_____

John J. McConnell, Jr.
Chief Judge
United States District Court

August 6, 2026

---

[4] Further, Michelle is not the sole beneficiary, as the "Residue Clause" designates, the "residue of [Ms. Raduano's] estate, real and personal to the trustee then serving."  ECF No. 1, Exhibit 2, at 2.  Therefore, Mr. Flynn would be a residual beneficiary of the Trust even though, in this suit, he is suing in his capacity as Trustee.